UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GLEN E. FLOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:08-CV-582 |
| | ) |
| DR. KASPER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the amended complaint filed by Glen E. Floyd, a *pro se* prisoner, on January 13, 2009. For the reasons set forth below, pursuant to 28 U.S.C. § 1915A, the Court **DISMISSES** the amended complaint for failure to state a claim.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must

> allege that the person who has deprived him of the right
> acted under color of state law. These elements may be put
> forth in a short and plain statement of the claim showing
> that the pleader is entitled to relief. FED. R. CIV. P.
> 8(a)(2). In reviewing the complaint on a motion to
> dismiss, no more is required from plaintiff's allegations
> of intent than what would satisfy RULE 8's notice pleading
> minimum and RULE 9(b)'s requirement that motive and intent
> be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to
> dismiss does not need detailed factual allegations, a
> plaintiff's obligation to provide the "grounds" of his
> "entitlement to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements
> of a cause of action will not do. Factual allegations
> must be enough to raise a right to relief above the
> speculative level, on the assumption that all the
> allegations in the complaint are true (even if doubtful
> in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted).[1]

> While, for most types of cases, the Federal Rules
> eliminated the cumbersome requirement that a claimant set
> out in detail the facts upon which he bases his claim,
> RULE 8(a)(2) still requires a "showing," rather than a
> blanket assertion, of entitlement to relief. Without some
> factual allegation in the complaint, it is hard to see
> how a claimant could satisfy the requirement of providing
> not only "fair notice" of the nature of the claim, but
> also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and
> a pro se complaint, however inartfully pleaded, must be
> held to less stringent standards than formal pleadings

---

[1] *See also: Ashcroft v Iqbal*, 556 U.S. ___, 2009 WL 1361536 (May 18, 2009)(explaining *Twombly*).

2

> drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 551 U.S.89, \_\_\_\_; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Floyd charges that, although he is indigent, defendant Dr. Kasper, the facility's law library clerk, violated his constitutional right to access to the courts by refusing to send out his legal mail. He also claims Kasper did not allow him to use the law library for five (5) months, which prevented him from sending his *habeas corpus* petition during that time. Floyd further says Kasper falsely claimed he took six books from the law library when he was only allowed to take four. (Amended Complaint, DE # 5 at 3-4, 6).

To establish a violation of the right to access to the courts, a prisoner must establish that jail officials failed to provide the assistance required by *Bounds v. Smith*, 430 U.S. 817 (1977), and show that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith* did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury

requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an absolute deprivation of access to all legal materials" *Lewis v. Casey*, 518 U.S. at 2181 n. 4 (emphasis in original). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir.1986), cert. denied, 479 U.S. 1019 (1986). Moreover, a claim for deprivation of the constitutional right of access to courts must allege "the underlying cause of action, whether anticipated or lost" and must "describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Floyd does not allege he was never able to send out his habeas petition. Nor does he claim that any delay caused by his inability to use the law library for five months rendered the petition untimely or otherwise prejudiced him. *Pratt v. Tarr*, 464 F.3d 730, 732-33 (7th Cir.2006) (access claim does not have to be specific, but allegations must give notice of prejudice). Under the circumstances, Floyd's charge that Kasper barred him from the law library for five months does not state a claim for denial of access to the courts.

Floyd claims that Kasper would not send his legal mail even though he is indigent. Floyd does not specifically identify the legal mail involved in this allegation. Nevertheless, he does not

4

allege, and it is not reasonable to infer, the inability to obtain free postage denied him a remedy or somehow prejudiced him. Although prisoners have right of access to courts, they do not have right to unlimited free postage. *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986). This allegation does not state a claim.

Floyd alleges Officer Thompson, who Kasper called to escort him from the law library, threatened to submit a grievance, if he did not leave immediately. (DE # 5 at 3). Certainly the officer had authority to file a grievance against Floyd, if he disobeyed an order to leave the premises; warning Floyd that he intended to do so is not actionable. If Thompson could not issue a grievance against Floyd, his actions amount to no more than verbal harassment. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

Floyd contends Officer Brown falsely accused him of threatening Kasper. (DE # 5 at 5). And, he alleges Kasper falsely accused him of taking more books from the law library than was allowed. (Id at 6). However, slander is not actionable under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."). *See also: Batagiannis v. W. Lafayette Community*

*School Corp.*, 454 F.3d 738, 742 (7th Cir. 2006) (stating that there is no constitutional right to be free of defamation).

Therefore, for the reasons stated above, pursuant to 28 U.S.C. § 1915A, the Court **DISMISSES** the amended complaint for failure to state a claim.

**DATED:  June 17, 2009**               /s/RUDY LOZANO, Judge
                                        **United States District Court**